FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 05 2002

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

David J. Burman
William C. Rava
Mary P. Gaston
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
(206) 583-8888

Attorneys for Itron, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ITRON, INC., a Delaware corporation,

                Plaintiff,

     v.

ITRAN COMMUNICATIONS LTD., a
Delaware corporation,

                Defendant.



No. CS-02-0200-RHW

COMPLAINT FOR TRADEMARK
INFRINGEMENT AND DILUTION
AND UNFAIR COMPETITION

For its Complaint, Plaintiff Itron, Inc. ("Itron") alleges as follows:

## I.    PARTIES

1.    Itron is a Washington corporation with its headquarters and principal place of business in Spokane. Founded in 1979, Itron is the leading global solutions provider for collecting, analyzing, and applying electric, gas, and

COMPLAINT - 1
[10145-7001/SL020670.065]

PERKINS COIE LLP
221 North Wall Street, Suite 600
Spokane, WA 9920
(509) 624-2212



water usage data in the United States and internationally, serving more than 2,000 clients worldwide.

2.    Defendant Itran Communications Ltd. ("Itran") is a Delaware corporation with its principal place of business in Naples, Florida. Itran designs, develops, markets, and sells mixed-signal integrated circuits for home networking and other applications.

## II.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338. In addition, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims as to form part of the same case or controversy.

4.    This Court has personal jurisdiction over Itran. Itran continuously and systematically conducts business in and avails itself of the protection and benefits of the laws of the state of Washington. Itran also knew or reasonably should have known that its conduct alleged in this Complaint would cause injury to Itron in Washington.

5.    Venue is proper under 28 U.S.C. § 1391 in that the claims arose in this District, Itron is suffering irreparable harm in this District, and Itran is subject to personal jurisdiction in this District.

COMPLAINT - 2
[10145-7001/SL020670.065]

PERKINS COIE LLP
221 North Wall Street, Suite 600
Spokane, WA 99201
(509) 624-2212

### III.    FACTUAL BACKGROUND

**A.**    <u>Itron, Its Business and Its Marks</u>

6.    Itron is the owner of numerous incontestable United States trademark registrations and applications for the ITRON® marks. All of the ITRON® trademark registrations are in full force and effect and are owned by Itron. Exhibit 1 lists these registrations and applications, and is hereby incorporated into this Complaint. In addition, Itron holds registrations for the ITRON mark in over 40 foreign countries.

7.    Through continued use of the ITRON® mark since at least as early as 1979, Itron has built significant and substantial goodwill in the ITRON® mark in the energy and water marketplace. Itron markets many products under the ITRON® mark, including software, microchips, computers, computer peripherals, hardware, communications devices, handheld devices, and wireless devices for the collection, management, and dissemination of data. Itron's technology and communications solutions enable the collection and management of data and information to maximize business operations, efficiency, and output.

8.    For example, Itron provides networking services to allow utilities to collect data from meters and transport the data over a wide-area communications network to central host processors. Utility data collection – including hardware and software products and related services – is a major and long-standing component of Itron's business.

9.    Itron's products and services target a broad spectrum of industries and personnel in the energy and water marketplace. Itron markets products and

COMPLAINT - 3

[10145-7001/SL020670.065]

PERKINS COIE LLP
221 North Wall Street, Suite 600
Spokane, WA 99201
(509) 624-2212

services under the ITRON® mark to energy and water suppliers, deliverers, service-providers and consumers, among others. Within these industries, Itron targets personnel ranging from chief executive officers and chief technology officers to product managers in operations departments.

10.    As an arbitrary and well-recognized mark, with use dating back more than 20 years and with registrations dating back more than 12 years, the ITRON® mark is extremely strong in the energy and water marketplace.

11.    Itron has expended considerable advertising and marketing resources to build strong name recognition in the ITRON® mark. In 2001, Itron spent more than $26 million to sell and market goods and services offered under the ITRON® mark. Gross sales from goods and services sold under the ITRON® mark for 2001 totaled more than $183 million. More than 2,000 customers in 45 countries use Itron's hardware and software systems to collect, analyze, and apply data from more than 250 million utility meters. Itron's customers include more than 75% of the largest electric and gas utilities in the United States and Canada, and its technology touches more than $200 billion in energy and water transactions every year in North America alone.

12.    Itron's first use of the ITRON® mark in commerce in the United States predates Itran's common law use of the ITRAN mark by decades, and Itron has used the ITRON® mark in commerce without interruption since its inception.

COMPLAINT - 4
[10145-7001/SL020670.065]

PERKINS COIE LLP
221 North Wall Street, Suite 600
Spokane, WA  99201
(509) 624-2212

**B.**  Itran's Infringing Activity

13.  On information and belief, Itran's original and principal business activity involves the design, development, and marketing of systems-on-chip for residential networking, automation, and device control applications.  These goods and services are marketed and sold under Itran's ITRAN mark and variations on its IT mark (e.g. IT800).  In February 2000, for example, Itran entered into a strategic alliance with Washington-based Microsoft Corporation to create wireless solutions for the home.  With Microsoft, Itran has worked to establish a simple control protocol to ensure convergence between existing and future home-control standards.  Itran and Microsoft have issued joint press releases from Washington touting the alliance's efforts to enable a "connected" home, and the two companies' relationship is ongoing.  Itran has also exhibited its products and services, marketed under the ITRAN mark, at home networking conferences, including the May 2001 "Connections 2001" conference in Seattle, Washington.

14.  Itran maintains a website at http://www.itrancomm.com from which it markets and sells products and services under its ITRAN mark.  This website is accessible to Washington residents.  On information and belief, Itran has sold products to Washington residents under its ITRAN mark.

15.  Recently, Itran began marketing products and services under the ITRAN mark to Itron's customers – the energy and water marketplace.  Itran's website prominently promotes and advertises the power utility applications, including data collection, of its products and services.  On information and

COMPLAINT - 5

[10145-7001/SL020670.065]

PERKINS COIE LLP
221 North Wall Street, Suite 600
Spokane, WA  99201
(509) 624-2212

belief, Itran's products and services, marketed under its ITRAN mark, are currently being used in the energy and water marketplace.

16. Itran displayed and advertised its products and services at "DistribuTech 2002," the utility industry's largest relevant trade conference, which occurred February 27 through March 1, 2002. On information and belief, Itran solicited business under the ITRAN mark from Washington companies that attended this conference.

17. On information and belief, Itran is marketing its products and services to Itron's current and prospective customers in the energy and water marketplace using its ITRAN mark.

### FIRST CAUSE OF ACTION:
### Violations of 15 U.S.C. §§ 1114 and 1125(a)
### (Trademark Infringement)

18. Itron realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 17 above.

19. Itron owns numerous federal registrations that incorporate its ITRON® mark. (See Exhibit 1.) These registrations are in full force and effect and are enforceable. Itron also owns common law rights in the ITRON® mark that date back to 1979.

20. Itran's actions constitute the use in interstate commerce of a false designation of origin, false or misleading description of fact, or false or misleading representations of fact that are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of the goods and services with Itron, or as to the origin, sponsorship, or approval of the goods and

COMPLAINT - 6

[10145-7001/SL020670.065]

PERKINS COIE LLP
221 North Wall Street, Suite 600
Spokane, WA  99201
(509) 624-2212

services provided by Itran in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21.    Itran's actions also constitute the use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of Itron in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

22.    Itran knew or should have known of Itron's rights, and Itran's false designation of origin has been knowing, willful and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

23.    Itron has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms. Itran's acts have damaged, and threaten to continue damaging, Itron's reputation and goodwill.

## SECOND CAUSE OF ACTION:
### Violations of 15 U.S.C. § 1125(c)
### (Dilution of Famous Trademark)

24.    Itron realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 23 above.

25.    The ITRON® mark is famous in the energy and water marketplace.

26.    Itran's actions constitute the unauthorized, commercial use of a famous trademark of Itron, commencing after the mark became famous, which dilute the quality of Itron's mark by diminishing the capacity of the mark to

COMPLAINT - 7

[10145-7001/SL020670.065]

PERKINS COIE LLP
221 North Wall Street, Suite 600
Spokane, WA  99201
(509) 624-2212

identify and distinguish Itron's goods and services, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

27.    Itron has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms.

### THIRD CAUSE OF ACTION:
### Common Law Trademark Infringement

28.    Itron realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 27 above.

29.    The ITRON® mark is an enforceable trademark owned by Itron.

30.    Itran's marketing of its products and services in the energy and water marketplace using the ITRAN mark is likely to misdirect and cause confusion to customers, including current and prospective Itron customers. Itran's marketing of products and services in the energy and water marketplace using the ITRAN mark is also likely to confuse a significant number of customers into believing that Itran or Itran's products or services are sponsored by or are otherwise associated with Itron, or that the parties' products or services come from a common source.

31.    Itran's knowing, willful, and deliberate use of the ITRAN mark in the energy and water marketplace constitutes trademark infringement under the common law of the state of Washington.

32.    Itron has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms. Itran's acts have damaged, and threaten to continue damaging, Itron's reputation and goodwill.

COMPLAINT - 8
[10145-7001/SL020670.065]

PERKINS COIE LLP
221 North Wall Street, Suite 600
Spokane, WA 99201
(509) 624-2212

## FOURTH CAUSE OF ACTION:
### Violations of RCW 19.77.160
### (Washington's Anti-Dilution Statute)

33.    Itron realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 32 above.

34.    Itran's actions constitute the unauthorized, commercial use of a famous trademark of Itron commencing after that mark became famous.

35.    Itran's unauthorized use dilutes the quality of Itron's ITRON® mark by diminishing the capacity of the mark to identify and distinguish Itron's goods and services, in violation of RCW 19.77.160.

36.    Itron has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms.

## FIFTH CAUSE OF ACTION:
### Violations of RCW 19.86.020
### (Washington's Unfair Business Practices-
### Consumer Protection Act)

37.    Itron realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 36 above.

38.    The foregoing acts of Itran constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of RCW 19.86.020.

39.    Itran's conduct affected and was contrary to the public interest, tended to mislead a substantial portion of the public, and has injured Itron's business and property in the state of Washington.

COMPLAINT - 9
[10145-7001/SL020670.065]

PERKINS COIE LLP
221 North Wall Street, Suite 600
Spokane, WA  99201
(509) 624-2212

40.    Itron has been damaged, and Itran has been unjustly enriched, by such acts in an amount to be proven at trial.

## IV.    JURY DEMAND

Itron demands a trial by jury of all issues so triable.

## V.    PRAYER FOR RELIEF

Wherefore, Itron seeks the following relief against Itran:

A.    Damages of at least $75,000 in an exact amount to be proven at trial;

B.    An order preliminarily and permanently enjoining Itran, its officers, agents, servants, employees and all persons in concert or participation with it from:   (1) using the ITRAN mark, or any other marks or symbols that are confusingly similar to marks owned by Itron, in connection with any goods and services marketed, advertised or sold to the energy and water marketplace; and (2) unfairly competing with Itron in any manner whatsoever;

C.    Prejudgment and post-judgment interest;

D.    Treble damages or treble profits, whichever is greater, pursuant to 15 U.S.C. § 1117, and as otherwise provided by law;

E.    Treble damages and attorneys' fees pursuant to RCW 19.86.090;

F.    Itron's costs and attorneys' fees pursuant to 15 U.S.C. § 1117, and as otherwise provided by law; and

//

//

//

COMPLAINT - 10
[10145-7001/SL020670.065]

G.    For such other and further relief as this Court deems just and proper.

DATED:    June 5, 2002.

PERKINS COIE LLP

By:_____
    David J. Burman
    William C. Rava
    Mary P. Gaston
    Attorneys for Itron, Inc.

PERKINS COIE LLP
221 North Wall Street, Suite 600
Spokane, WA  99201
(509) 624-2212

**EXHIBIT 1**

## ITRON'S U.S. TRADEMARK APPLICATIONS AND REGISTRATIONS

| | |
|---|---|
| Mark: | ITRON |
| Reg. No.: | 1,519,639 |
| Reg. Date: | January 10, 1989; Section 8/15 accepted |
| First Use: | January 31, 1979 |
| Class: | 9 |
| Goods: | Data collection computer systems, namely, portable stationary terminals, printers, communications controllers, communications cradles, function-specific peripherals, computer operating programs, and computer application programs. |

| | |
|---|---|
| Mark: | ITRON |
| Reg. No. | 1,921,754 |
| Reg. Date: | September 26, 1995 |
| First Use: | August 1, 1980 |
| Class: | 9 |
| Goods: | Data collection communication network systems, comprised of combination encoder/transreceivers, portable, mobile, and stationary data collection transreceivers, and intelligent communication adapters. |

| | |
|---|---|
| Mark: | ITRON |
| Reg. No. | 1,534,229 |
| Reg. Date: | April 11, 1989 |
| First Use: | January 31, 1979; Section 8/15 accepted |
| Class: | 16 |
| Goods: | Printed computer user manuals. |

Exhibit 1

Mark:           ITRON
Reg. No.        1,534,650; Section 8/15 accepted
Reg. Date:      April 11, 1989
First Use:      January 31, 1979
Class:          37
Goods:          Repair and maintenance of computer hardware and software systems.


Mark:           ITRON (STYLIZED)
Reg. No.        1,620,876
Reg. Date:      November 6, 1990
First Use:      November 30, 1979 anywhere; January 31, 1979 in commerce
Class:          9
Goods:          Portable electronic utility meter reading and billing unit therefor.


Mark:           ITRON (STYLIZED)
Reg. No.        1,610,462
Reg. Date:      August 21, 1990
First Use:      November 30, 1978 anywhere; January 31, 1979 in commerce
Class:          9
Goods:          Data collection and control computer systems comprising, portable and stationary computer terminals, printers, communications controllers, communications cradles for transferring data from portable computer terminals to stationary computer terminals, computer peripherals, computer operating software, and computer software for use in data collection and control applications.

Mark:              ITRON (AND DESIGN)
Serial No.:        76/130,560
Filing Date:       September 18, 2001
Classes:           9 and 42
Goods/Services:    (Class 9) Computer hardware; computer hardware, namely, discs tapes and wires, all for carrying data; drive apparatus for discs, tapes or wires, all for carrying data; computer hardware for data communications between computers; computer software for use by the utilities industry for automating the distribution of utility services to customers; computer software for use in data collection and control, communications and data exchange, electronic meter reading, off-site meter reading, keyed meter reading, and meter data recorders, all for use in the utilities industry; and computer software for billing customer accounts, for scheduling customer orders and for managing utility meters, all for use in the utilities industry; computer software, namely computer operating programs and computer software for application and database integration for use in the utilities industry.

(Class 42) Computer related services and consulting for the utility industries, namely computer-related consulting for electric, gas and water facilities management.